IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE ASTACIO and PATRICIA GARZA, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> SAULT WEST 118, INC., an Illinois corporation, d/b/a DYLAN'S TAVERN & GRILL, FARIS FAYCURRY, CEASAR FAYCURRY, and GEORGE FAYCURRY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:17-cv- |

## COLLECTIVE ACTION COMPLAINT

The Plaintiffs, Nicole Astacio and Patricia Garza, (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Sault West 118, Inc., d/b/a Dylan's Tavern & Grill, ("Dylan's"), Faris Faycurry, Ceasar Faycurry, and George Faycurry (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, their minimum wages. Plaintiffs, and other similarly situated employees, are current and former servers and bartenders of the Defendants.

1

2. Defendants elected to pay Plaintiffs, and other servers and bartenders, using a tip credit. Defendants paid hourly wages below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and required Defendants to pay Plaintiffs, and other servers and bartenders, the full minimum wage. Defendants' violations included: (a) paying insufficient direct wages; (b) making unlawful deductions from Plaintiffs' wages for employer expenses which further reduced Plaintiffs' wages below the minimum wage; (c) failing to pay any direct wages for certain pay periods; (d) retaining server and bartender tips; and, (e) failing to notify Plaintiffs of the tip credit rules and regulations.

3. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties are attached as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

6. Plaintiff Nicole Astacio ("Astacio") is a former employee of the Defendants. Ms. Astacio worked as a server for Defendants between approximately May 16, 2017 and June 15, 2017.

7. Plaintiff Patricia Garza ("Garza") is a current employee of the Defendants. Ms. Garza has been a bartender for the Defendants since early January, 2017.

8. During the course of their employment with Defendants, Plaintiffs used and handled goods and materials, including perishable food, food products and alcoholic products, which moved in interstate commerce prior to be being used or purchased in Illinois.

9. Plaintiffs reside in and are domiciled in Batavia, Illinois and Chicago, Illinois, respectively.

10. Defendant Dylan's Tavern & Grill is a restaurant and bar engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on the premises.

11. Defendant Dylan's is operated by Sault West 118, Inc., an Illinois corporation, and is doing business as a restaurant and bar located at 118 South Clinton Street in Chicago, Illinois.

12. Sault West 118, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located in Chicago, Illinois within this judicial district.

13. Upon information and belief, Defendant Dylan's earned more than $500,000 in annual gross revenue during 2016 and 2017.

14. Upon information and belief, Defendant Faris Faycurry is an owner of Dylan's and is the President of Dylan's operating entity, Defendant, Sault West 118, Inc.

15. Upon information and belief, Defendant Ceasar Faycurry is an owner of Dylan's and is the Secretary of Dylan's operating entity, Defendant, Sault West 118, Inc.

16. Upon information and belief, Defendant George Faycurry is an owner of Dylan's.

17. At all times relevant to this action, Defendants Faris Faycurry, Ceasar Faycurry and George Faycurry each possessed extensive oversight over Dylan's employees and business practices. All three individual Defendants were the ultimate decision-makers with respect to

Defendants' payroll and wage and hour practices. All three individual Defendants possessed authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

18. Upon information and belief, all three individual Faycurry Defendants reside in and are domiciled within this judicial district.

**COMMON ALLEGATIONS**

<u>Plaintiff Nicole Astacio</u>

19. Between approximately May 16, 2017 and June 15, 2017, Plaintiff Astacio worked at Dylan's five (5) days a week on the following schedule: Mondays, 10:30 a.m. to 8:00 p.m.; Wednesday and Thursday, 10:30 a.m. to 2:00 p.m.; Thursday, 4:00 p.m. to 8:00 p.m.; Friday, 8:00 p.m. to 3:00 a.m.; and, Saturday, 4:00 p.m. to 4:00 a.m. Plaintiff Astacio typically did not work on Tuesday or Sunday.

20. Based on her schedule, Plaintiff Astacio regularly worked approximately 39.5 hours per week.

21. During her entire time working for Dylan's, Defendants never paid Plaintiff Astacio any direct wages. Plaintiff Astacio received tips only.

<u>Plaintiff Patricia Garza</u>

22. Between January, 2017 and approximately March, 2017, Plaintiff Garza worked four (4) days a week on the following schedule: Monday, 10:30 a.m. to 6:30 p.m.; Thursday, 4:00 p.m. to 9:00 p.m.; Friday 8:00 p.m. to 2:30 a.m.; and, Saturday, 8:00 p.m. to 3:30 a.m. During this time, Plaintiff Garza typically did not work Tuesday, Wednesday or Sunday.

4

23. Based on her initial schedule, Plaintiff Garza regularly worked approximately 27 hours per week between from January, 2017 to March, 2017.

24. Starting in approximately March, 2017 and continuing to the present, Plaintiff Garza worked four (4) days a week on the following schedule: Monday, 10:30 a.m. t0 6:30 p.m.; Thursday 5:00 p.m. to 12:30 a.m.; Friday, 4:00 p.m. to 3:00 a.m.; and, Saturday, 8:00 p.m. to 3:30 a.m. During this time, Plaintiff Garza typically did not work Tuesday, Wednesday or Sunday.

25. Based on her schedule, Plaintiff Garza has worked approximately 34 hours per week since March, 2017.

26. Plaintiff Garza was paid on an hourly basis by Defendants, plus tips.

27. Between January, 2017 and approximately mid-July, 2017, Plaintiff Garza was paid $5.45 per hour. Since mid-July, 2017, Plaintiff Garza was paid $6.10 per hour.

28. However, during numerous pay periods, Defendants failed to pay Plaintiff Garza any direct hourly wages.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former servers and bartenders that worked for Defendants during the last three years before the filing of this lawsuit.

30. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former servers and bartenders have had substantially similar job descriptions, job requirements and pay rates.

31. Plaintiffs and other servers and bartenders customarily and regularly received more than $30.00 per month in tips.

5

32. During the last three years before the filing of this suit, Defendants elected to claim a tip credit by paying Plaintiffs, and other servers and bartenders, a lower direct wage and using tips to make up the difference between the direct wages and the minimum wage.

33. Defendants violated the tip credit requirements by failing to pay sufficient direct wages to Plaintiffs and other servers and bartenders, and at times, failing to pay any direct wages to Plaintiffs and other servers and bartenders.

34. In addition, Defendants further reduced the direct wages of Plaintiffs and other servers and bartenders below the minimum wage by retaining tips and by improperly deducting employer costs and expenses from wages including customer walk-outs.

35. Based on the total direct wages and tips paid to Plaintiffs and other servers and bartenders, Plaintiffs and other employees were paid less than the minimum wage in individual workweeks.

36. Defendants further failed to notify Plaintiffs and other servers and bartenders of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit under the FLSA, IMWL or CMWO.

37. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

38. Plaintiffs, and other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay wages including minimum wages to servers and bartenders.

6

39. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' myriad common policies and plans to violate the FLSA minimum wage provisions.

40. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

41. There are numerous similarly situated current and former servers and bartenders who worked for Defendants' restaurant and bar and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

42. The similarly situated current and former servers and bartenders are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Minimum Wages

43. Plaintiffs hereby incorporate paragraphs 1 through 42 as though stated herein.

44. During the last three years before the filing of this suit, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

45. During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

46. Throughout Plaintiffs' employment, Defendants employed other servers and bartenders who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

47. Plaintiffs, and other servers and bartenders, were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

48. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

49. Defendant Dylan's is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

50. Pursuant to 29 U.S.C. § 206, Plaintiffs as well as other non-exempt servers and bartenders were entitled to be compensated according to the applicable minimum wages under the FLSA.

51. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other servers and bartenders; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs, and other servers and bartenders, failed to meet the minimum wage.

52. Defendants further violated the tip credit and minimum wage provisions of this section by retaining employee tips.

53. Defendants also violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other servers and bartenders of the tip credit subsection, 29 U.S.C. § 203(m), and any of its related requirements.

54. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and other servers and bartenders the minimum wage was willful and not in good faith.

**WHEREFORE**, the Plaintiffs, Nicole Astacio and Patricia Garza, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Sault West 118, Inc., d/b/a Dylan's Tavern & Grill, Faris Faycurry, Ceasar Faycurry and George Faycurry, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

55. Plaintiffs hereby incorporate paragraphs 1 through 42 as though stated herein.

56. During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

57. During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

58. Throughout Plaintiffs' employment, Defendants employed other servers and bartenders who were similarly not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

59. Plaintiffs and other servers and bartenders were tipped employees within the meaning of 820 ILCS 105/4(c).

60. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

61. Pursuant to 820 ILCS § 105/4, Plaintiffs as well as other non-exempt servers and bartenders were entitled to be compensated according to the applicable minimum wages under the IMWL.

62. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other servers and bartenders; making

9

unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs, and other servers and bartenders, failed to meet the minimum wage.

63. Defendants further violated the tip credit and minimum wage provisions of this section by retaining employee tips.

64. Defendants also violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other car wash employees of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Nicole Astacio and Patricia Garza, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Sault West 118, Inc., d/b/a Dylan's Tavern & Grill, Faris Faycurry, Ceasar Faycurry and George Faycurry, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

65. Plaintiffs hereby incorporate paragraphs 1 through 42 as though stated herein.

66. Plaintiffs, and other servers and bartenders, were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

67. During the course of Plaintiffs' employment, Defendants employed other servers and bartenders who were similarly not exempt from the minimum wage provisions of the CMWO.

68. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

69. Under § 1-24-020(a), Plaintiffs, as well as other non-exempt servers and bartenders, were entitled to be compensated according to the minimum wage requirements of CMWO.

70. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs and other servers and bartenders; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs, and other servers and bartenders, failed to meet the minimum wage.

71. Defendants further violated the tip credit and minimum wage provisions of this section by retaining employee tips.

72. Defendants also violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other servers and bartenders of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Nicole Astacio and Patricia Garza, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Sault West 118, Inc., d/b/a Dylan's Tavern & Grill, Faris Faycurry, Ceasar Faycurry and George Faycurry, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

11

    B.    Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Dated: September 28, 2017

Respectfully submitted,
Nicole Astacio and Patricia Garza,
Plaintiffs, on behalf of themselves and
all other Plaintiffs similarly situated,
known and unknown,

/s/ Timothy M. Nolan
_____
One of the Attorneys for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
Attorneys for Plaintiffs
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net